UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO PLASCENCIA-OROZCO,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Respondent. | Criminal Case No.:  3:11-cr-03627-JAH<br>Civil Case No.: 3:20-cv-2121-JAH<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

　　　　Pending before the Court is Petitioner Ramiro Plascencia-Orozco's ("Petitioner") pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. ECF No. 237.  For the reasons set forth below, Petitioner's motion is **DENIED**.

　　　　On August 16, 2012, a federal grand jury charged Petitioner with a four-count indictment for Attempted Entry After Deportation on January 7, 2008, in violation of 8 U.S.C. §1326(a) and (b); Aggravated Identity Theft on January 7, 2008, in violation of 8 U.S.C. §1028(a)(1); Attempted Entry After Deportation on August 2, 2011, in violation of 8 U.S.C. §1326(a) and (b); and Aggravated Identity Theft on August 2, 2011, in violation of 8 U.S.C. §1028(a)(1).  *See* ECF No. 9.  After exhaustive pre-trial proceedings and a four-day jury trial, a jury found Petitioner guilty of all four counts of the indictment, [ECF No. 90].  On April 1, 2015, this Court sentenced Petitioner to 160-months term of imprisonment. ECF No. 141. Petitioner appealed his conviction to the United States Court of Appeals for the Ninth Circuit.  ECF No. 135.  The Ninth Circuit affirmed Petitioner's conviction.  ECF No. 224.

Petitioner filed the instant habeas motion, erroneously titled as an Application for Leave to File Second or Successive Petition under 28 U.S.C. § 2254 or Motion under 28 U.S.C. § 2255. ECF No. 237.

Section 2255(f) provides:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's motion, to the extent that he makes a cognizable or coherent claim, does not allege claims under subsections (2)-(4). As such, the one-year period of limitation runs from the date Petitioner's judgment of conviction becomes final. This court entered judgment on April 1, 2015. ECF No. 141. The Ninth Circuit entered judgment affirming Petitioner's conviction and sentence on July 26, 2017. ECF No. 224. A prisoner has ninety days following the entry of judgment by a Court of Appeals to a file a petition for a writ of certiorari. Sup. Ct. R. 13.3. As such, Petitioner's conviction became final on October 24, 2017, which renders the instant motion as untimely. Furthermore, Petitioner does not set forth any arguments that would suggest this limitation is subject to any equitable tolling. *See United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004).

Even assuming the instant motion is subject to equitable tolling, Petitioner fails to properly allege his sentence was imposed in violation of the Constitution. Insofar as the Court can construe his motion, Petitioner states his claims of "sovereing bond and credit" in violation of the Fifth, Sixth, Tenth, and Eleventh Amendment of the Constitution has been rejected.[1] *See* ECF No. 237 at 2. However, he does not set forth any coherent arguments supporting why his conviction or sentence is in violation of the constitution. *See* 28 U.S.C. § 2254(a). Accordingly, Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS SO ORDERED.**

DATED:  November 15, 2021

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

---

[1] It is unclear from Petitioner's motion who he believes has rejected his asserted claims.